IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

ANGELA CHANDLER,            )
                            )
         Plaintiff,         )
                            )
v.                          )   Civil Action No. 1:17-cv-1346
                            )
                            )
NANCY A. BERRYHILL,         )
Acting Commissioner, Social )
Security Administration     )
                            )
         Defendant.         )

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge dated July 26, 2018. Plaintiff Angela Chandler petitioned this Court pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Defendant") denying her claim for disability insurance benefits under Title II of the Social Security Act. Both Plaintiff and Defendant filed motions for summary judgment.

Federal Rule of Civil Procedure 72(b) provides that a magistrate judge may hear a dispositive motion, without the consent of the parties, and recommend the disposition of the matter to a district judge. FED. R. CIV. P. 72(b). Additionally, the Rule requires a district judge to whom a case is assigned to

make a de novo determination on the record, or receive additional evidence, on any portion of the magistrate judge's disposition, to which a party has made a specific written objection. Id. Further, a party must make any objections to the magistrate judge's recommendation within fourteen (14) days of being served with a copy of the order or waives its right to appellate review.

Under 42 U.S.C. § 405(g), the Court's review of a final decision of the Commissioner of Social Security is limited to determining whether there is substantial evidence to support the Commissioner's findings of fact and whether those findings were reached by application of the proper legal standards. Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). After a thorough review and analysis of the administrative record and Plaintiff's assignments of error, the Magistrate Judge found that the Commissioner's decision was supported by substantial evidence. The Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment be denied, and that Defendant's Motion for Summary Judgment be granted.

Plaintiff filed timely objections pursuant to 28 U.S.C. § 636, Rule 72(b), and Local Rule 7, challenging the Magistrate Judge's recommendation regarding the cross motions for summary judgment. Having conducted a de novo review of the administrative record and the controlling case law, and after

considering the Plaintiff's objections, this Court agrees with the Magistrate Judge's recommendation.

Plaintiff raises two objections to the Magistrate Judge's recommendation. Plaintiff argues (1) that the Magistrate Judge erroneously found that the Administrative Law Judge ("ALJ") applied the proper legal standards in Social Security Ruling ("SSR") 85-15; and (2) that the Magistrate Judge erroneously found that the ALJ's Residual Functional Capacity ("RFC") assessment of Plaintiff, including that Plaintiff would be off task 10 percent of the workday, was supported by substantial evidence.

Plaintiff's first objection contends that the Magistrate Judge erred finding that the ALJ applied the proper legal standards in SSR 85-15. The ALJ followed the five-step sequential analysis required for evaluation of a Social Security disability's claimant's eligibility. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). That sequential analysis requires the ALJ to consider whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that equals a condition contained within the Social Security Administration's official Listing of Impairments; (4) has an impairment that prevents past relevant work; and (5) has an impairment that prevents her from any substantial gainful activity. Id. If the first three steps of

the sequential disability evaluation do not lead to a disability determination, the ALJ must determine an individual's RFC and apply it to steps four and five. Mascio v. Colvin, 780 F. 3d 632, 634 (4th Cir. 2015). If at step four the ALJ determines a claimant cannot perform any past relevant work, the step five determination is whether the claimant can perform other jobs existing in significant numbers in the national economy. Id at 635.

Plaintiff's first objection challenges the ALJ's step five findings by arguing that the ALJ erred by confusing her RFC with her occupational base in determining whether Plaintiff can perform jobs existing in significant numbers in the national economy. As the Magistrate Judge noted, at step five of the analysis the Commissioner may employ the Medical-Vocational Guidelines, which contain "Grids" that take administrative notice of the numbers of jobs existing in the national economy for persons by considering an individual's age, education, previous work experience, and residual functional capacity. Grant v. Schweiker, 699 F. 2d 189, 191-92 (4th Cir. 1983); 20 C.F.R. § 404, Subpt. P, App. 2. In a case, such as this one, where a "claimant's nonexertional impairments limits the range of jobs available to a person with the claimant's exertional capabilities, the Commissioner must produce a vocational expert to testify that the particular claimant retains the ability to

perform specific jobs which exist in the national economy." Simpson v. Colvin, 2014 WL 806121, at *2 (E.D. Va. Feb. 28, 2014) (quoting Grant, 699, F. 2d at 192); see 20 C.F.R. § 404, Subpt. P, App. 2, 204.00. Plaintiff objects to the ALJ's questioning of the vocational expert, arguing that Social Security Ruling 85-15 "requires the ALJ to specifically ask the Vocational Expert how Plaintiff's occupational base is reduced by the effects of her nonexertional impairments." Plaintiff contends that the ALJ confused the concept of occupational base with the concept of RFC, and never asked the vocational expert about her occupational base. Rather than the ALJ determining whether Plaintiff was able to perform a few occupations given her RFC, Plaintiff argues the ALJ should have determined whether Plaintiff was capable of adjusting to other work which existed in the national economy in significant numbers when considering her education, previous work experience, and age in conjunction with her RFC. However, as the Magistrate Judge concludes, the ALJ's line of questioning and decision were predicated on the principles provided by the regulations in finding that Plaintiff's occupational base was modified by nonexertional limits. The ALJ then considered the Grids as part of her assessment regarding Plaintiff's ability to perform specific jobs which exist in the national economy. This Court agrees with the Magistrate Judge's conclusion that the ALJ considered and

applied the appropriate legal standards as required by Social Security Rule 85-15. Thus, the ALJ did not commit reversible error, and her findings were supported by substantial evidence.

Plaintiff further objects to the Magistrate Judge's conclusion that the ALJ properly found Plaintiff would be off task 10 percent of the workday. In assessing Plaintiff's RFC, the ALJ found the Plaintiff can perform work at all exertional levels, with certain nonexertional limitations restricting Plaintiff to "simple, routine tasks; no more than occasional changes in the work setting; and occasional interaction with the public;" and that Plaintiff will be "off task 10 percent of the workday." Plaintiff's objection is that the Magistrate Judge erred in failing to conclude the ALJ committed reversible error because the ALJ neither cited to record evidence supporting the RFC's conclusion that Plaintiff would be off task 10 percent of the workday, nor explained why the RFC did not permit Plaintiff to be off task 15 percent of the workday. The Magistrate Judge addressed and rejected this argument, noting 1) the Plaintiff has provided no record evidence indicating that she will be off task for 15 percent of the workday rather than 10 percent; and 2) the ALJ was required to "build an accurate and logical bridge from the evidence to her conclusion", and in doing so, the ALJ in this case made her RFC assessment and properly explained how she arrived at the assessment. This Court agrees with the

Magistrate Judge's conclusion.

Based on a <u>de novo</u> review of the evidence in this case, having reviewed the Report and Recommendation and the Plaintiff's Objections, it appears to the Court that the Magistrate Judge's Report and Recommendation is neither clearly erroneous nor contrary to law. Accordingly, this Court affirms the findings of the Magistrate Judge.

For the foregoing reasons, this Court finds that the Plaintiff's motion for summary judgement should be denied and Defendant's motion for summary judgement should be granted.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
September _11_, 2018